H. William VAN ALLEN and Fairlene G. Rabenda, Plaintiffs–Appellants,

v.

George PATAKI et al., Defendants–Appellees.

No. 00–9068.

United States Court of Appeals, Second Circuit.

May 3, 2001.

James E. Morgan, Law Offices of Galvin & Morgan, Delmar, NY, for appellant.

Andrea Oser, Assistant Solicitor General, Albany, NY; Eliot Spitzer, Attorney General of the State of New York, Daniel Smirlock, Deputy Solicitor General, and Nancy A. Spiegel Assistant Solicitor General, on the brief, for defendant-appellee George Pataki.

Todd Davis Valentine, Albany, NY, for defendants-appellees New York State Board of Elections, Columbia County Board of Elections, Dutchess County Board of Elections, Greene County Board of Elections, and Ulster County Board of Elections.

Present LEVAL, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Prior to the November 2000 election, H. William Van Allen and Fairlene G. Rabenda brought suit under 42 U.S.C. §§ 1983 and 1985, seeking a declaration that New York's Election Laws §§ 6–138 and 6–140 violate their First Amendment right to freedom of association and their Fourteenth Amendment rights to Equal Protection and Due Process. The district court dismissed the plaintiffs' complaint, and they appealed. We find no error and therefore affirm.

New York's Election Law allows any individual, whether enrolled in a political party or not, to sign an independent nominating petition for elected office. *See* N.Y. Election Law §§ 6–138 and 6–140 (McKinney 1998). The plaintiffs are registered voters, not enrolled in any political party, who wish to restrict eligibility to sign independent nominating petitions to non-enrolled registered voters.

As for the plaintiffs' First Amendment claim, we find that the plaintiffs have failed to allege injury-in-fact and, therefore, lack standing to assert this claim. *See Lee v. Board. of Governors,* 118 F.3d 905, 910 (2d Cir.1997). The plaintiffs did not allege, for example, that they had circulated or intended to submit a nominating petition for any elected office. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 564, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Moreover, the plaintiffs did not claim that the requirements of §§ 6–138 and 6–140 eliminated their associational right to have their nominating petitions signed by whomever they choose or coerced them into allowing enrolled party members to sign their petitions. To the extent that the plaintiffs claim to be injured by the increased burden §§ 6–138 and 6–140 place on the non-enrolled regis-

tered voter by increasing the percentage of signatures they must obtain in order to nominate a candidate, removal of the requirements would not eliminate the burden because New York election law requires a specific number of signatures regardless of whether enrolled party members are allowed to sign. *See* N.Y. Election Law 6–142 (McKinney 1998). We reject the plaintiffs' equal protection claim because the plaintiffs have not shown that they were subjected to any intentional or purposeful discrimination, *see Gelb v. Board. of Elections,* 224 F.3d 149, 154 (2d. Cir. 2000), or that they have been treated differently from others similarly situated, *see City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Finally, the plaintiffs' due process claim fails because the plaintiffs have not demonstrated that § 6–138 or § 6–140 causes something more than an unintended irregularity in the conduct of elections. *See Gold v. Feinberg,* 101 F.3d 796, 801 (2d Cir.1996). We have considered the plaintiffs' other arguments and find them to be without merit.